**Phyllis ANTUNA, a single woman, Plaintiff—Appellant,**

v.

**CITY OF TUCSON; Kevin Mayhew; Lynn Sharp; Susan Krase; Hector Cota; Robert Easton; John Does, Jane Does, 1–5, Defendants—Appellees,**

and

**Sarah Hallet, Defendant.**

**No. 03–16652.**

United States Court of Appeals, Ninth Circuit.

Submitted March 17, 2005.*

Decided March 22, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Donald T. Awerkamp, Esq., Raven & Awerkamp, P.C., Tucson, AZ, for Plaintiff–Appellant.

Daryl A. Audilett, Esq., Kimble Nelson Audilett McDonough & Molla PC, Tucson, AZ, for Defendants–Appellees.

Daryl A. Audilett, Esq., Kimble Nelson Audilett McDonough & Molla PC, Tucson, AZ, for Defendant.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Phyllis Antuna appeals the district court's adverse grant of summary judgment on her federal and state law claims arising from Defendants putting Antuna, a Tucson Policy Academy recruit, on administrative leave and ordering a psychological fitness-for-duty exam. We affirm.

Antuna concedes that under California law, Defendants are absolutely immune from tort liability arising from statements made to the Los Angeles Sheriff's Department regarding Antuna, a prospective employee. *See Bardin v. Lockheed Aeronautical Sys. Co.*, 70 Cal.App.4th 494, 498, 82 Cal.Rptr.2d 726 (1999).

■ Antuna did not have a constitutionally protected property interest in holding her employment relationship with the Tucson Police Academy. A property interest requires the right to retention and permanent status, *see Montoya v. Law Enforcement Merit Sys. Council*, 148 Ariz. 108, 110, 713 P.2d 309 (Ariz.Ct.App.1985), and Antuna's continued employment was contingent upon successfully completing training and obtaining Arizona state certification. Ariz. Admin. Code R13–4–103.

■ Antuna's constitutional right to privacy was not violated by an order to submit to a psychological fitness-for-duty exam. First, it is unclear how Antuna's right to privacy could be violated, given that she resigned before taking the exam. Even if Antuna had been forced to undertake the psychological exam, she has not offered sufficient evidence that she was improperly singled out for this exam in violation of the Fourth Amendment. Medical examinations not conducted as part of a criminal investigation are subject to a balancing test. *Yin v. California*, 95 F.3d 864, 869 (9th Cir.1996). "Under the balancing test, the Court determines if a search is reasonable by weighing the privacy interests of the individual against the government's interest in the search." *Id.* at 870. Here, the balance tips strongly in the government's favor.

■ Similarly, ordering Antuna to submit to the fitness-for-duty exam did not constitute a wrongful discharge in violation of public policy. As outlined above, she suffered no constitutional violation of her right to privacy, so her claim that she was constructively discharged for asserting this right necessarily fails. Antuna also argues that Defendants required her to submit to this exam because of her objection to a gun gift to an instructor. However, Antuna has presented no genuine issue of material fact supporting this argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, Antuna appeals several district court evidentiary rulings. These rulings are moot because we affirm the district court's dismissal of Antuna's claims.

AFFIRMED.